Harold E. Koreman, J.
This is an application by the City of Albany (hereinafter called the City) for an order permanently restraining and enjoining respondents (hereinafter called PERB) from holding a hearing pursuant to an order to show cause issued by PERB. The Albany Professional Permanent Firefighters Association (hereinafter called APPFA) has been permitted to intervene in the proceeding.
The relief sought by the City is in the nature of a writ of prohibition against PERB on the ground that it is proceeding or is about to proceed without legal authority in ordering the parties before it for the purposes set forth in the show cause order (CPLR 7801).
This controversy arises from an order issued by PERB on January 13, 1971 requiring the City and APPFA to show cause before it (1) why they should not be directed to comply with the PERB order of May 1, 1970 and enter into collective negotiations with each other and conclude a written agreement, or, in the alternative, (2) why the report and recommendations of the fact-finding panel should not be accepted. The City’s position is that it has fully complied with the order of May 1, 1970 and has negotiated collectively with APPFA, certified by PERB in said order as the representative of provisional and permanent firemen; that no written agreement was entered into since the parties were unable to arrive at an agreement. Therefore, the City argues that PERB is without statutory authority to require the parties to appear at a public hearing and show cause why a written agreement should not be concluded or the fact-finders ’ report accepted. The City contends that the procedures provided by the Taylor Law for the resolution of an impasse (Civil Service Law, § 209) have been exhausted, and PERB is attempting to substitute its judgment for that of the Common Council.
The intervenor does not question PERB’s asserted authority to require appearance at a hearing pursuant to the order to show cause, but concurs with the City that PERB may not require the parties to enter into an agreement or to accept the fact-finders’ report.
*30 In its answer PERB admits the allegations of the petition which sets forth the steps and procedures that have been taken as required by sections 204, 207 and 209 of the Civil Service Law and denies only that it is without statutory authority to order petitioner to appear at a hearing and that attendance at the hearing is for the purpose of having petitioner accept the report of the fact-finders. The answer also contains objections in point of law seeking dismissal of the petition on the ground it fails to state facts sufficient to entitle petitioner to the relief sought.
On the argument of this matter, counsel for PERB conceded that it is powerless to require the parties to conclude a written agreement, or, in the alternative, to accept the fact-finders’ report.
The sole issue presented for the court’s determination is whether respondent PERB is authorized by law to undertake the proceedings as set forth in the show cause order. PERB, being a creature of statute (Civil Service Law, § 205), may exercise only such powers conferred upon it by the Legislature that created it. (Civil Service Law, art. 14 [Taylor Law].) Respondent points to sections 205 (subd. 5, par. [j]) and 209 (subd. 3, par. [d]) of the Civil Service Law as the source of its authority. A careful analysis of those statutes discloses that section 205, entitled ‘ ‘ Public employment relations board”, deals with the establishment of PERB, the manner in which it is to be constituted, and outlines its general powers and functions. Among its powers and functions, pursuant to which respondent contends it is now acting, is “ To hold such hearings and make such inquiries as it deems necessary for it properly to carry out its functions and powers ”. (§ 205, subd. 5, par. [j].) It is clear that this delegation of authority has reference to respondent’s carrying out the functions and powers specifically granted to it by the Taylor Law, and cannot be construed as an extension of authority to include a continuing authorization ‘ ‘ to hold such hearings and make such inquiries ’ ’, after all the steps and procedures provided by the Taylor Law for the resolution of an impasse have been concluded. Turning now to section 209 (subd. 3, par. [d]), that section outlines the various steps that are to be taken in an attempt to resolve a dispute ‘ ‘ in the course of collective negotiations ’ ’. It is provided therein that if collective negotiations result in an impasse, respondent shall render assistance by appointing a mediator, and if the impasse continues, it shall appoint a fact-finding board. Thereafter, if the impasse continues, respondent is empowered to take whatever steps it deems appropriate to resolve the dispute, including the making of recommendations after due con *31 sideration of the findings and recommendations of the fact-finding board, but no further fact-finding board shall be appointed, and, upon the request of the parties, respondent may assist in providing for voluntary arbitration. Section 209 concludes with paragraph (e) of subdivision 3, wherein it is provided that if either party does not accept the recommendations of the fact-finding board, the dispute shall then be submitted to the legislative body of the government involved, which body shall conduct a hearing, and “thereafter, the legislative body shall take such action as it deems to be in the public interest, including the interest of the public employees involved ’ ’. (Italics mine.) Thus, the legislative intent becomes apparent that respondent’s statutory authority terminates with section 209 (subd. 3, par. [d]), and the final action is to be taken by the legislative body pursuant to paragraph (e) of subdivision 3 of that section.
The State Legislature, in its wisdom, reposed the final determination in a matter involving economic considerations and the public interest of the political subdivision involved, as well as the interest of its employees, in the legislative body of the public employer. In the performance of its functions of statutory construction the court must construe the language of the statute as it finds it, or as it was enacted. Under the doctrine of separation of power it is fundamental that the courts may not legislate nor may they change legislation. A statute is to be taken, construed and applied in the form enacted. (56 N. Y. Jur., Statutes, § 106, and cases cited therein.)
In view of the admissions on the part of respondent that it is without authority to direct petitioner to conclude a written agreement or to accept the fact-finders’ report, and, in view of the lack of any powers under the statute (Taylor Law) to conduct the hearing in question at this juncture of the proceedings, a writ of prohibition is properly sought herein.
Accordingly, the relief sought in the petition is in all respects granted.